# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DIANE BUCY** | **CASE NO. 2:16-CV-01188** |
| Plaintiffs, | Chief Judge Edmund A. Sargus, Jr. |
| | Magistrate Judge Chelsey M. Vascura |
| v. | |
| **COMFY COUCH COMPANY, et al.** | |
| Defendants. | **AGREED PROTECTIVE ORDER** |

Pursuant to Federal Civil Rule 26 and applicable solely to the parties to this suit and to protect confidential business, financial and personal information of the parties and various third-parties that is deemed confidential and in a manner consistent with applicable law,

**IT IS HEREBY ORDERED:**

1. The purpose of this Order is to limit the publication of the following categories of information that may be deemed disclosed during the course of the above-captioned case ("the Litigation"), which are deemed confidential and not available in the public domain ("Confidential Information"):

   (a) Proprietary information of a party; and

   (b) Propriety and personal information of any non-party; and

   (c) Financial, business or personal information pertaining to the business of a party and documents containing such information; and

2. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information which are produced, either in response to discovery requests or to subpoenas in this litigation by any party (hereafter, collectively "Discovery

Materials"), may be designated by a producing party as "Confidential Information" under this Protective Order.

3. "Confidential Information" shall include any Discovery Materials which the producing party has good cause to believe contains information not in the public domain or contains any trade secret or other confidential, strategic, research, development, or commercial information.

4. Any Discovery Materials that are to be designated "Confidential" may be so designated by the producing party by providing copies of the Discovery Materials so designated that are stamped with the legend "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." The receiving party must treat such materials as Confidential Information from the date the material with the designation is received. Prior to the receipt of such designation, disclosure of such information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Order.

5. Each party producing information reserves their respective rights to contend that otherwise confidential material was inadvertently produced without the necessary designation, and the receiving party does not waive or relinquish any argument that the production of allegedly confidential information amounts to a waiver of such claim.

6. Deposition testimony and the transcripts taken during pretrial discovery shall be treated as Confidential Information during the deposition and until ten (10) business days after receipt of such deposition transcript to allow time for the deponent or counsel for that deponent, or any party or counsel to any party, to notify all parties of any Confidential Information contained within the testimony. Such Confidential Information shall be designated by page and line number.

7. Except as provided herein, Confidential Information shall be used solely for the purposes of this litigation between these parties and not, directly or indirectly, for any competitive, business or other purpose.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, material or information obtained by such party independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

9. Confidential Information may be disclosed only to the following persons:

    (a) the Court;

    (b) counsel for a party;

    (c) consultants, experts, or litigation support service providers, including outside copying services, retained by a party for the purpose of assisting that party in this Litigation;

    (d) associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the Litigation, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing testimony in this action, and principals and employees of the firm with which consultants or experts are associated;

    (e) the parties to the Litigation; and

    (f) employees of the parties to the action.

10. Confidential Information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this Litigation. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of Confidential Materials are made does not reproduce the "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" designation. All copies of Confidential Information shall be kept under the control of person(s) described in paragraphs 9(a) through (f) above. No information obtained under this Order shall be added to any electronic database for any other purpose.

11. If the receiving party disagrees with the designation by the producing party of any Discovery Materials as Confidential Information, then the parties to the dispute will attempt to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential in their designated status pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party bears the burden of persuading the Court that the information is in fact Confidential within the definition(s) of those term(s) set forth above. The parties may dispute the designation of Confidential Information at any time during the pending proceeding, and any delay in so doing shall not constitute a waiver of the right to dispute the designation of Confidential Information.

12. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or

(b) prejudice in any way the right of a party at any time:

(i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order;

(ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information;

(iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or

(iv) to seek documents or other information from any source.

13. The Court highly discourages the filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal, after seeking leave of Court pursuant to Local Rule 5.2.1, without disclosing the contents of any confidential information

(i) Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(ii) To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading

may be filed under seal with leave of Court, pursuant to Local Rule 5.2.1. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

(iii) If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

14. The parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at trial or evidentiary hearing upon reasonable notice to all parties.

15. Within ten business days following the running of any applicable time to appeal the final order entered in this litigation, all parties shall return to the person who produced such materials all originals and copies of all Confidential Information obtained through discovery in this action, including all copies, excerpts, summaries or other materials derived therefrom (except attorney work product). Within this same time, the receiving party shall also verify that all electronically stored Confidential Information has been permanently deleted. Notwithstanding the foregoing, counsel for each party may retain motion papers, briefs, notes, memoranda or

other documents which contain Confidential Information, including electronically stored information. This Protective Order shall continue to apply to all such documents retained by any party in accordance with the preceding sentence.

16. This order shall not affect the right of any party to oppose the production of Discovery Materials on any ground permitted by the Ohio Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery.

17. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Materials, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

18. The signature(s) of counsel hereon shall be binding upon themselves, all affiliated counsel, and their respective clients herein.

19. Any party to this Litigation who designates any documents as "CONFIDENTIAL" and it is subsequently determined by the Court not to be confidential, the party so designating that information "CONFIDENTIAL" shall be responsible for the reimbursement of any and all costs and expenses incurred by the non-offending party relating to those "CONFIDENTIAL" documents so challenged.

**IT IS SO ORDERED.**

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

HAVE SEEN AND AGREED:


*/s/Christopher P. Wido*
Christopher P. Wido
The Spitz Law Firm, LLC.
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
p. 216.291.4744
f. 216.291.5744
chris.wido@spitzlawfirm.com
*Attorneys for Plaintiffs*



*/s/Jennifer K. Nordstrom*
Jennifer K. Nordstrom
GARVEY│SHEARER│NORDSTROM, PSC
2400 Chamber Center Drive, Suite 210
Ft. Mitchell, Kentucky 41017
p. 513.445.3373
f. 866.675.3676
jnordstrom@gsn-law.com
*Attorney for Defendants*